# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6625 | **DATE** | 3/8/2004 |
| **CASE TITLE** | Green vs. Bryant | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion for a certificate of appealability [30-1] is denied, motion for appointment of counsel [31-1] is denied, and motion for leave to appeal in forma pauperis [32-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | MAR 10 2004 date docketed | 33 |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | 3/8/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MD | courtroom deputy's initials | 11:5 WV 6- | MD mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ANTWAN GREEN, ) ) ) | |
| Petitioner, ) ) | |
| vs. ) ) | No. 01 C 6625 Judge Joan H. Lefkow |
| STEVEN C. BRYANT, Warden, Graham Correctional Center,[1] ) ) ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On January 5, 2004, this court entered a memorandum opinion and order denying the petition of Antwan Green ("Green") for a writ of habeas corpus. Before the court is Green's motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)(2). He also seeks appointment of counsel and leave to appeal in forma pauperis ("IFP"). For the reasons stated below, Green's motion for a certificate of appealability is denied, his motion for appointment of counsel is denied and his motion for leave to appeal IFP is granted.

### A. Certificate of Appealability

Green raised three claims for relief in his habeas petition: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; and (3) insufficient evidence to prove his guilt beyond a reasonable doubt. He is entitled to a COA only if he can make a substantial showing of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this

---

[1] Steven C. Bryant is listed as the Warden for Graham Correctional Center, where petitioner currently is in custody, and thus is the proper respondent in this habeas action. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. This court hereby substitutes Steven C. Bryant as respondent. *See* Fed. R. Civ. P. 25(d)(1).

standard Green must demonstrate that reasonable jurists would find this court's assessment of his claims debatable or wrong. *See id.*

1. *Prosecutorial Misconduct*

Green's prosecutorial misconduct claim breaks off into several components. He argues that the prosecutor in his case engaged in misconduct during his rebuttal argument both because he (1) referred to Green's failure to testify and (2) improperly labeled Green's counsel's argument as the "26th Street shuffle." Concerning Green's failure to testify, he submits that the prosecution both directly and indirectly commented on his failure to testify. In ruling on the alleged direct comment on the failure to testify, this court held that the Illinois Appellate Court's decision was neither contrary to, nor involved an unreasonable application of, established Supreme Court precedent. At trial a detective had testified that Green had confessed to the crime. Green's counsel at closing arguments denied the confession and questioned the credibility of this state witness. In rebuttal, the prosecutor noted that no one testified to contradict the detective's testimony and that Green's counsel had failed to produce evidence to refute the State's evidence. The Illinois Appellate Court ruled that the prosecutor's comments were in response to Green's counsel's statements that Green denied making a confession and that the detective was an incredible witness. That ruling comports with clearly established Supreme Court precedent, *see United States v. Robinson*, 485 U.S. 25, 32 (1988), and this court's ruling is not debatable among reasonable jurists. Accordingly, no certificate of appealability will be granted on this claim.

Green also complained of indirect comments the prosecutor made about his failure to testify. Green states that the prosecutor's comments concerning the uncontradicted nature of his

2

confession were improper because he was the only witness who could testify in response to the State's evidence. However, as the court noted in its January 5, 2004 memorandum opinion and order, the Seventh Circuit has expressly held that "[c]omments by [a] prosecutor on the state of the evidence that may indirectly refer to the defendant's silence . . . have not been the subject of Supreme Court guidance." *Yancey v. Gilmore*, 113 F.3d 104, 106 (7th Cir. 1997). Moreover, even under Seventh Circuit case law prior to the Antiterrorism and Effective Death Penalty Act, such indirect comments would only serve to violate an accused's right to not testify when "the defendant is the only one who can rebut or contradict the testimony that makes the prosecutor's arguments improper." *Yancey*, 113 F.3d at 107 n.1. As the Illinois Appellate Court concluded, and this court agreed, that was not the case here. *See United States ex rel. Green v. Bryant*, No 01 6625, 2003 WL 42340, at *7 n. 6 (N.D. Ill. January 5, 2004). As such, no certificate of appealability will be granted for these alleged indirect comments.

Finally, Green also complains of statements the prosecutor made concerning the "26th Street Shuffle," which are detailed in the court's January 5 memorandum opinion and order. *See Green*, 2004 WL at *4 n.3, 7. The Illinois Appellate Court noted that such statements were improper, but that they resulted in harmless error. This court agreed to the extent that such ruling was not contrary to, nor did it involve an unreasonable application of, Supreme Court precedent. That ruling also does not require a COA.

2.  *Ineffective assistance of counsel*

Green argued in his habeas petition that he was denied effective assistance of counsel because (1) trial counsel failed to move to prohibit gunshot residue ("GSR") testimony or failed to object to such testimony; (2) trial counsel failed to prepare a plausible line of defense and

3

investigate and introduce all evidence and information to the court and failed to advocate vigorously on behalf of Green on his pretrial motion to suppress; and (3) trial counsel failed to interview and call two witnesses who observed the crime as "occurrence witnesses" and who would testify as to the persons in the perpetrator's vehicle. For his claim (1), the court concluded that there was sufficient evidence before the Illinois Appellate Court to suggest that Green's trial counsel used the GSR testimony as a matter of trial strategy. For claim (2), the court noted that Green failed to point out what constitutional violation his trial counsel committed, and this court's own review of the record suggested no constitutional violation. Finally, for claim (3), the court noted that the Illinois Appellate Court reasonably determined that Green had failed to produce affidavits from the witnesses attesting to what their testimony would be, and he failed to explain the significance of such testimony. In his motion for a COA, Green fails to elaborate on how a reasonable jurist would find any of these rulings either debatable or wrong, and the court is not otherwise persuaded. Thus, no COA will be issued for the ineffective assistance of counsel claim.

3.  *Sufficiency of evidence*

Finally, Green argued in his habeas petition that the State failed to prove him guilty beyond a reasonable doubt. As the court noted in its opinion, this claim was raised for the first time in Green's post-conviction petition and was, accordingly, deemed waived by the Illinois Appellate Court. The court nonetheless considered the claim on the merits because the Illinois Appellate Court reasoned that any prosecutorial misconduct was harmless error given that the evidence adduced at trial was sufficient to support Green's guilt beyond a reasonable doubt. Considering the high standard for a sufficiency of the evidence claim, *see Jackson* v. *Virginia*,

4

443 U.S. 307 (1979) ("whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"), and considering the evidence the court discussed in its January 5 memorandum opinion and order, the court does not believe a COA is warranted on this claim.

## B. Appointment of Counsel

Green asks this court to appoint him counsel for his appeal. Civil litigants have no constitutional or statutory right in federal court to appointed counsel. *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). This rule applies even when the litigant seeks to collaterally challenge a criminal conviction in a habeas corpus proceeding. *See Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). Pursuant to 28 U.S.C. § 1915(e)(1), however, a district court "may request an attorney to represent any person unable to afford counsel." The decision as to whether counsel should be appointed is within the sound discretion of the district court, and questions to be asked in making the decision include "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Zarnes*, 64 F.3d at 288 (brackets in original) (quoting *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

The record indicates that Green is capable of handling his case without the assistance of an attorney. He has been able to adequately state the issues he believes warrants his requested relief in both his habeas petition and his certificate of appealability. Moreover, the issues presented in Green's habeas petition do not appear to require particularly complex or detailed legal research. Finally, the court is not convinced that the presence of counsel would make a

5

difference in the outcome of this case. Accordingly, Green's motion for appointment of counsel will be denied.

C. **IFP status**

Green also seeks to proceed IFP in his appeal. To determine whether Green should proceed IFP, this court must determine whether he is taking his appeal in good faith. *See* 28 U.S.C. § 1915(a)(3). In order for an appeal to be in good faith, the court must find that a reasonable person could suppose the appeal has some merit. *Walker* v. *O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). The court is satisfied that petitioner's appeal is taken in good faith and that a reasonable person could suppose some merit in his appeal. Accordingly, Green's motion for leave to proceed IFP is granted.

## CONCLUSION

For the reasons stated above, Green's motion for a certificate of appealability is denied [#30], his motion for appointment of counsel is denied [#31] and his motion for leave to appeal in forma pauperis is granted [#32]. It is so ordered.

Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 8, 2004